# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SIDNEY ROBERTS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1361 CDP |
| | ) | |
| JAY CASSADY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. The petition is successive and shall be summarily dismissed.

### Background

In October of 1989, a St. Louis City jury found petitioner guilty of first-degree murder and armed criminal action. The court sentenced petitioner to life imprisonment without the possibility of parole, for the first-degree murder, to run concurrently with fifty (50) years' imprisonment for armed criminal action.

Petitioner sought state and federal habeas relief after the conviction. *See Roberts v. Delo*, 4:94CV1688 CEJ (E.D.Mo. 1997). The Eighth Circuit affirmed the denial of federal habeas relief on March 2, 2000. *See Roberts v. Delo*, 205 F.3d 349, 352 (8th Cir. 2000).

1

In the application for relief, petitioner asserts that on August 17, 2016, it filed an application for authorization to file a successive habeas application in the Eighth Circuit Court of Appeals. As of this date, petitioner's application has not yet been docketed in the Eighth Circuit.

**Discussion**

In his petition before the Court, petitioner seeks relief under the Supreme Court cases of *Miller v. Alabama*, 132 S.Ct. 2455 (2012) and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). On June 25, 2012, the United States Supreme Court issued its opinion in *Miller*, holding that the Eighth Amendment prohibits mandatory sentences of life without parole for juvenile offenders. On January 27, 2016, in *Montgomery*, the Supreme Court held that the *Miller* rule must be applied retroactively.

Based on *Miller*, petitioner filed an application for writ of habeas corpus in state court in May 2013. On March 15, 2016, the Missouri Supreme Court addressed the merits of his *Miller* claim and granted him relief, making him parole eligible on his life sentence for murder after he has served 25 years. Despite being granted relief on his claims, petitioner filed a motion for rehearing on March 30, 2016. On July 18, 2016, petitioner filed a motion for leave to file a supplemental to his motion for reconsideration.

On July 19, 2016, the Missouri Supreme Court vacated its March 15, 2016 order granting petitioner relief. The July 19th Order stated: "On the Court's own motion, the Court's March 15, 2016, Order is Vacated. The motion for rehearing is overruled as moot. The petition is denied. See Senate Bill No. 590, 98th General Assembly. All other pending motions are overruled as moot. Order and mandate attached to this docket entry."

Missouri Senate Bill No. 590 authorizes persons sentenced to a term of life imprisonment without eligibility for parole before August 28, 2016, who were under 18 years of age at the time of the commission of their offenses, to submit to the parole board a petition for review of their sentences after serving 25 years of incarceration. The Bill was signed by the Governor and certain portions of the Bill immediately became law. Thus, it appears that petitioner's application for writ of habeas corpus may have become moot.

Nonetheless, this Court does not have the power to make such a determination, because it does not have jurisdiction over petitioner's application for relief. To the extent that petitioner seeks to relitigate claims that he brought in his original habeas corpus petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1).

To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A).

Petitioner asserts that it is unnecessary to obtain leave from the Eighth Circuit Court of Appeals to bring the instant petition in this action. Specifically, petitioner claims that because he could not have raised his "claims" in his first habeas action in this court because they have only just arisen, he should be allowed to seek a second habeas petition without first obtaining the Eighth Circuit's authorization. The Court disagrees.

Petitioner has raised three grounds for relief in this action, and none are based on the actual Supreme Court cases of *Miller* and/or *Montgomery*. *See* 28 U.S.C. § 2244(b)(2)(A). First, he asserts that the Missouri Supreme Court's July 19th Order "Embracing S.B. 590 and Denying [him] Resentencing" violates the Eighth Amendment, due process, equal protection and separation of

3

powers principles. Second, petitioner claims that the Supreme Court's July 19th Order thwarts his constitutional right to a meaningful and realistic right to release. Last, petitioner asserts that the Missouri Legislature's passage of S.B. 590 violates petitioner's rights.

Apparently, petitioner is basing his "new law" argument on the Missouri Supreme Court's July 19th Order mooting its prior order granting him and 80 other Missouri prisoners' parole-eligible relief. The Court is hard-pressed to see how this is a "new law" pursuant to 28 USC § 2244 in which to base a "second" or successive argument.[1]

It appears, instead, that petitioner is arguing for the invalidation of a newly adopted state statute within the guise of his federal habeas proceeding. The Court does not believe this is the proper venue for making such an argument. Regardless of the time or place for such an argument, it cannot sustain jurisdiction in this case.

Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

---

[1] This case, and petitioner's claims, are not based on the "new law" of *Miller* or *Montgomery*, but on the way *Miller* and *Montgomery* were interpreted by the Missouri Supreme Court and the Missouri Legislature. In other words, petitioner is not arguing that *Miller* or *Montgomery* have been applied inequitably to him. He could not, as Missouri has indeed turned a juvenile's sentence of "life without parole" into "twenty-five years' with parole eligibility." Rather, in this case, petitioner is arguing that S.B. 590 is unconstitutional under the Eighth Amendment. The exception to the bar against new claims being raised in a second or successive § 2254 petition speaks specifically to a new rule of constitutional law made retroactive by the United States Supreme Court. *See* 28 U.S.C. § 2244(b)(2)(A). Petitioner's "end-run" around the statute is not contemplated in this rarely granted exception.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus is **DENIED and DISMISSED AS SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 26th day of August, 2016.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE